## Grubb *v.* Pennsylvania Steel Company, Appellant.

*Orphans' court sale — Trust and trustees — Act of April* 18, 1853, *P. L.* 503.

The orphans' court may decree a sale of real estate held under a testamentary trust, although the testator has expressly forbidden a sale of such estate by his trustees.

Argued May 8, 1902. Appeal, No. 133, Jan. T., 1902, by defendant, from decree of O. C. Lebanon Co., Equity Docket, 1902, No. 2, on bill in equity in case of Charles B. Grubb and Daisy E. B. Grubb, Trustees under the Will of Clement B. Grubb, Deceased, v. Pennsylvania Steel Company. Before McCollum, C. J., Mitchell, Dean, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for specific performance. Before Ehrgood, P. J.

*W. F. Darby*, with him *H. C. Shirk* and *Wayne McVeagh*, for appellant.

*John G. Johnson*, for appellee.

Opinion by Mr. Justice Mitchell, June 4, 1902:

The legal questions involved in this appeal are substantially the same as in Brock v. Steel Company, ante, p. 249.

The testator here gave his trustees a power of sale but expressly excluded the Cornwall ore banks, his language being, "but not to make any sales of the principal which I forbid," and the power to sell being limited to his estate "other than Cornwall ore banks." As said in Brock v. Steel Company there is no express prohibition of sale by order of court and it would have been ineffectual if there had been. For the reasons set forth in the opinion in that case the decree is affirmed.